## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

North Point Capital Partners, LLC,
d/b/a Asset Recovery Corporation,

       Plaintiff,

           Civ. No. 08-695 (RHK/JSM)
           **ORDER**

v.

Asset Recovery & Recycling, Inc.,

       Defendant.

---

   This trademark-infringement action is before the Court on Plaintiff's Motion for Relief From Local Rule 7.1, or Alternatively, for a Temporary Restraining Order (Doc. No. 7). In the Motion, Plaintiff seeks an order expediting the hearing on its Motion for Preliminary Injunction, which it filed on April 17, 2008. Were the Court to deny that request, Plaintiff moves for a temporary restraining order to immediately enjoin Defendant's continued infringement of Plaintiff's marks.

   The procedural posture of this case makes Plaintiff's requested relief largely unnecessary. The docket reflects that the Summons and Complaint were served on Defendant the same day this action was commenced, March 14, 2008, by personally serving Defendant's President. Defendant's Answer, therefore, was due to be filed on or before April 3, 2008. See Fed. R. Civ. P. 12(a)(1)(A)(i) (answer due within 20 days of service). Defendant has not answered or otherwise appeared to defend this action. Accordingly, it is in default. See Fed. R. Civ. P. 55(a).

As a result of Defendant's failure to respond to the Complaint, all of the well-pleaded factual allegations contained therein, except those as to Plaintiff's damages, are deemed admitted.  See Fed. R. Civ. P. 8(b)(6); Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977); Agri-Supply Co. v. Agrisupply.com, 457 F. Supp. 2d 660, 662 (E.D. Va. 2006).  Accordingly, Defendant's infringement of Plaintiff's trademarks has been established.  The Court, therefore, sees no need to consider whether Plaintiff is entitled to a *preliminary* injunction.  Rather, Plaintiff at this stage is entitled to a default judgment for all of the relief sought in the Complaint (save damages); Plaintiff's Motion, therefore, is best construed as a motion for a default judgment and entry of a *permanent* injunction under Federal Rule of Civil Procedure 55(b)(2).

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS ORDERED** as follows:

1. The Clerk of the Court is directed to enter Defendant's default in accordance with Federal Rule of Civil Procedure 55(a);

2. The Court construes Plaintiff's Motion for Relief From Local Rule 7.1, or Alternatively, for a Temporary Restraining Order (Doc. No. 7), as a motion for entry of a default judgment and a permanent injunction.  A hearing will be held on the Motion, as so construed, before the undersigned on April 23, 2008, at 1:30 p.m., in Courtroom 1 at the United States Courthouse, 180 East Fifth Street, St. Paul, Minnesota; and

3. Plaintiff shall serve a copy of this Order and all of the associated Motion papers (Doc. Nos. 4, 5, 6, and 7) *in accordance with Federal Rule of Civil Procedure 4(h)*

no later than Monday, April 21, 2008.  ***Failure to effect service as directed herein may result in the denial of Plaintiff's Motion.***

Dated: April 18, 2008	s/Richard H. Kyle
	RICHARD H. KYLE
	United States District Judge